IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH LEE BEAN, <br> (TDCJ-CID #1141587) <br> Plaintiff, <br><br> vs. <br><br> G. VAUGHN, *et al.*, <br><br> Defendants. | § § § § § § § § § § | CIVIL ACTION H-15-0799 |

**MEMORANDUM AND OPINION**

Joseph Lee Bean, a Texas Department of Criminal Justice inmate, sued in March 2015, alleging civil rights violations resulting from a failure to protect, excessive force, and denial of due process. Bean, proceeding *pro se* and *in forma pampers,* sues the following prison officials at the Estelle Unit: G. Vaughan, major; K. Cooper, correctional officer; (FLU) McClellan, sergeant; (FLU) Norman, captain; and (FLU) Magnallenos, captain.

The threshold issue is whether Bean has exhausted available administrative remedies. For the reasons set forth below, the court finds that he has not exhausted prison administrative remedies, and this case should be dismissed.

I.  Bean's Allegations

Bean alleges that on March 3, 2015, he was escorted to a Unit Classification hearing where he was demoted in custodial classification. Bean states that he was forcibly removed from the hearing and subjected to an excessive use of force.

Bean asks that he be promoted in his custodial classification. He further seeks unspecified compensatory damages.

## II. Discussion

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. As a suit by a prisoner against prison officials, Bean's complaint is clearly within the ambit of § 1915A.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. The Issue of Exhaustion of Administrative Remedies

Title 42 U.S.C.§ 1997e provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (Supp. 1996).

The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege

excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings, such as money damages. *See Booth v. Churner,* 532 U.S. 731, 740-41 (2001). When a prisoner fails to exhaust his administrative remedies before filing suit without a valid excuse, the court may dismiss the action without prejudice to its refiling after the prisoner exhausts his administrative remedies. *See Wendell v. Asher,* 162 F.3d 887, 890-92 (5th Cir. 1998);[1] *Gordon v. Pettiford,* 271 F. App'x 464, 464 (5th Cir. 2008) (per curiam). When exhaustion is precluded because the deadlines for the administrative remedies have passed, the action is properly dismissed with prejudice. *Johnson v. La. ex rel. La. Dep't of Pub. Safety & Corr.,* 468 F.3d 278, 278-81 (5th Cir. 2006) (per curiam).

A court does not "inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; prisoners simply "must exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah Cnty.,* 351 F.3d 626, 630 (5th Cir. 2003) (citations and internal quotation marks omitted). Substantial compliance with administrative procedures is insufficient. *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). Unless the prisoner pursues his "grievance remedy to conclusion," he has not exhausted "available remedies." *Id.* The Fifth Circuit has consistently mandated that a prisoner must exhaust his administrative remedies by complying with applicable grievance procedures before filing a federal civil rights lawsuit related to prison conditions. *See, e.g. Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir. 2004). The Fifth Circuit takes "a strict approach" to the exhaustion requirement, *see*

---

[1] Although *Wendell* was partially overruled by *Jones v. Bock,* 549 U.S. 199 (2007), *see Richbourg v. Horton,* No. 08-10443, 2008 WL 5068680 at *1 (5th Cir. Dec. 2, 2008) (per curiam), the proposition for which it is cited remains good law.

*Days v. Johnson,* 322 F.3d 863, 866 (5th Cir. 2003) (overruled by implication on other grounds by *Jones v. Bock,* 549 U.S. 199, 216 (2007)).

The TDCJ currently provides a two-step procedure for presenting administrative grievances. Step 1 requires the prisoner to submit an administrative grievance at the institutional level. *Wendell v. Asher,* 162 F.3d 887, 892 (5th Cir. 1998) (citing TDCJ Admin. Directive No. AD-3.82 (rev.1), Policy ¶ IV (Jan. 31, 1997)). After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker, which may be the warden, assistant warden, facility administrator, assistant facility administrator, or health administrator. *Id.* Step 2 permits the prisoner to submit an appeal to the division grievance investigator with the Institutional Division of the TDCJ. *Id.* After an investigation, the departmental grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 2 of the process, which is the director, deputy director, regional director, or assistant director. *Id.*

The grievance procedure takes approximately 90 days to exhaust. *Id.* Prisoners are allowed 15 calendar days to file a Step 1 grievance. *Id.* (citing TDCJ Admin. Directive No. AD-3.82 (rev.1), Policy ¶ VI (Jan. 31, 1997)). The response to the Step 1 grievance is due within forty days after receipt of the grievance. *Id.* The prisoner then has 10 days to submit an appeal. *Id.* The response to the Step 2 grievance is due within forty days after receipt of the prisoner's appeal. *Id.* The TDCJ Inmate Grievance System provides that if an inmate does not receive a written decision by the 180th day after the grievance is filed, he may proceed with his other state or federal court remedies. TEX. GOV'T CODE § 501.008(d)(2). Bean indicates that he did not complete both steps of the prison administrative grievance process. (Docket Entry No. 1, p. 3).

In *Woodford v. Ngo,* 548 U.S. 81, 93 (2006), the Supreme Court considered the question of

whether a prisoner can satisfy the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. § 1997e(a), by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Six months after the prison restricted participation in special programs, Ngo filed a grievance with prison officials challenging that action. That grievance was rejected as untimely because it was not filed within 15 working days of the action being challenged. Ngo appealed that decision internally without success, and subsequently sued Woodford – a California correctional official - under 42 U.S.C. § 1983 in Federal District Court. The District Court granted Woodford's motion to dismiss because Ngo had not fully exhausted his administrative remedies as required by § 1997e(a). The Court of Appeals for the Ninth Circuit reversed and held that Ngo had exhausted administrative remedies simply because no such remedies remained available to him. *Ngo v. Woodford,* 403 F.3d 620, 629-630 (9th Cir. 2005).

The Supreme Court reversed and held that the PLRA's exhaustion requirement requires proper exhaustion of administrative remedies. *Woodford,* 548 U.S. 87-103. Woodford claimed that a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court, but Ngo contended that § 1997e(a) allowed suit once administrative remedies were no longer available, regardless of the reason. To determine the correct interpretation, the Court looked for guidance to both administrative and habeas corpus law, where exhaustion is an important doctrine.

First, the Supreme Court examined exhaustion in administrative law, stating:

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper

> exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." . . . Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

*Id.* at 90-91.

Next, the Court addressed the exhaustion principles related to habeas petitions:

> The law of habeas corpus has rules that are substantively similar to those described above. The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court. . . . In practical terms, the law of habeas, like administrative law, requires proper exhaustion, and we have described this feature of habeas law as follows: "To . . . 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies . . . ."

*Id.* at 91-92 (citations omitted).

Given this background, the Court was persuaded that the PLRA requires proper exhaustion. *Woodford*, 548 U.S. at 92-100. The Supreme Court reasoned that by referring to "such administrative remedies as are available," § 1997e(a)'s text strongly suggested "exhausted" means what it means in administrative law. *Woodford*, 548 U.S. at 93.

The Court next observed that construing § 1997e(a) to require proper exhaustion also served the PLRA's goals. It gave prisoners an effective incentive to make full use of the prison grievance process, thus providing prisons with a fair opportunity to correct their own errors. The Court noted that proper exhaustion reduced the quantity of prisoner suits, and it improved the quality of those suits that are filed because proper exhaustion often results in creation of an administrative record helpful to the court. The Court noted that Ngo's interpretation would make the PLRA's exhaustion

scheme totally ineffective, since exhaustion's benefits could be realized only if the prison grievance system was given a fair opportunity to consider the grievance. That could not happen unless the grievant complied with the system's critical procedural rules. The Court found Ngo's arguments that his interpretation would filter out frivolous claims, to be unpersuasive. *Woodford,* 548 U.S. at 92-97.

Finally, the Court found that as interpreted by Ngo, the PLRA exhaustion requirement would be unprecedented. No statute or case purports to require exhaustion while at the same time allowing a party to bypass deliberately the administrative process by flouting the agency's procedural rules.

The Supreme Court's most recent pronouncement on exhaustion was in *Jones v. Bock,* 549 U.S. 199 (2007). The Supreme Court stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. The Fifth Circuit has added, however, that after *Jones v. Bock,* a complaint is still subject to dismissal for failure to state a claim where the prisoner's failure to exhaust appeared on the face of the complaint. *Carbe v. Lappin,* 492 F.3d 325, 328 (5th Cir. 2007); *Torns v. Miss. Dep't of Corr.,* 301 F. App'x 386, 388–89 (5th Cir. 2008) (per curiam); *Emmett v. Ebner,* 423 F. App'x 492 (5th Cir. 2009). The Fifth Circuit has also found that a complaint was properly dismissed for failure to exhaust when an inmate failed to timely file his Step 1 grievance and thereby missed his opportunity to pursue relief. *Johnson v. Kukua,* 342 Fed. App'x 933, 934 (5th Cir. 2009).

Most recently, the Fifth Circuit restated that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," *Gonzalez v. Seal,* 702 F.3d 785, 787 (5th Cir. 2012) (per curiam); *Moussazadeh v. Tex. Dep't of Criminal Justice,* 703 F.3d 781, 788 (5th Cir. 2012) (quoting

*Gonzalez*), and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement," *Gonzalez*, 702 F.3d at 788. Having reaffirmed the mandatory nature of exhaustion in *Gonzalez*, the Fifth Circuit again noted that "'failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.'" *Id.* at 788 n.1 (quoting *Jones*, 549 U.S. at 216). However, the Fifth Circuit did not retreat from its position in *Carbe, supra,* that a complaint is still subject to dismissal where the prisoner's failure to exhaust appears on the face of the complaint.

In this case, Bean concedes in his complaint that he has not exhausted the grievance procedure available at the prison unit. (Docket Entry No. 1, Complaint, p. 3). Where the face of the complaint makes clear that an inmate has failed to exhaust administrative remedies, a district court may dismiss the complaint without requesting an answer from the defendants. *See Dillon v. Rogers,* 596 F.3d 260, 272 n.3 (5th Cir. 2010) (noting that sua sponte dismissal is appropriate only where "failure to exhaust is apparent on the face of a plaintiff's complaint") (citing *Carbe v. Lappin,* 492 F.3d 325, 327–28 (5th Cir. 2007)). *See also Martinez v. Bus Driver*, 344 F. App'x 46, 48 (5th Cir. 2009) (affirming dismissal for failure to exhaust after finding that the face of the complaint makes clear that the plaintiff failed to exhaust his administrative remedies as required before bringing suit); *Gonzalez v. Crawford*, 2011 WL 1057577 at *1 (5th Cir. 2011) (concluding that, because the plaintiff conceded that he did not complete the administrative review process required by TDCJ, the district court did not err in granting summary judgment based on his failure to exhaust); *Wood v. Hirsch*, 2011 WL 2938027, *1 (5th Cir. 2011) (affirming the district court's dismissal because it was clear from the face of the prisoner's complaint that he had not fully exhausted his administrative remedies prior to filing the instant lawsuit).

District courts cannot "sidestep *Jones* by requiring prisoners to affirmatively plead exhaustion." *Carbe v. Lappin,* 492 F.3d 325, 327–28 (5th Cir. 2007). This prohibition includes questions in "form complaint[s]" issued by district courts that are designed to elicit "information about [a prisoner's] exhaustion of administrative remedies." *Torns v. Miss. Dep't of Corr.,* 301 F. App'x 386, 389 (5th Cir. 2008) (unpublished *per curiam*). Nonetheless, a district court "can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe,* 492 F.3d at 328 (citing *Jones,* 549 U.S. at 215). Here, Bean admits that he did not exhaust his administrative remedies before initiating this action. Bean did not complete the grievance process. Bean's claims against the named defendants are dismissed with prejudice for failure to exhaust administrative remedies as required by the PLRA.

## IV. Conclusion

Bean's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. The action filed by Joseph Lee Bean (TDCJ-CID Inmate #1141587) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1). All remaining pending motions are DENIED as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Bean's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin,

Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on ___June 9___, 2015.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE